DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EUGENE MILLER, ) | |
| ) | CASE NO. 4:10-CV-2872 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| CITY OF TWINSBURG, *et al.*, ) | |
| ) | |
| Defendants. ) | |

On December 20, 2010, Plaintiff Eugene Miller filed *pro se* this *in forma pauperis* action against the City of Twinsburg and Judge Coats. Plaintiff alleges he was formerly engaged in the salvaging and recycling business, but was told by a police officer that "this was not a job." ECF No. 1 at 1. He further alleges he was denied court appointed counsel and that he was the subject of discrimination.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

(4:10-CV-2872)

Judicial officers are generally absolutely immune from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). This far-reaching protection is needed to ensure that the independent and impartial exercise of judgment is not impaired by the exposure of potential damages. *Barnes*, 105 F.3d at 1115.  For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is not performed in the judge's judicial capacity; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116.  Plaintiff alleges no facts to show that either of these criteria has been met in this case.

Further, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  This pleading standard does not require "detailed factual allegations," but demands more than unadorned, the-defendant-unlawfully-harmed-me type of accusations. *Id.*  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement. *Id.* It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*

Even liberally construed, Plaintiff Miller's Complaint does not contain allegations reasonably suggesting he might have a valid  claim. *See Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726-27 (6th Cir. 1996) (holding the court is not required to accept summary

(4:10-CV-2872)

allegations or unwarranted legal conclusions in determining whether a complaint states a claim for relief).

Accordingly, the request to proceed *in forma pauperis* is GRANTED and this action is dismissed under section 1915(e). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

| | |
|---|---|
| February 1, 2011 | *s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |